# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JOANN SNELBAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner Of Social Security,<br><br>    Defendant. | No. 16-CV-2020-KEM<br><br>ORDER |

_____

This matter is before the court on Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (Doc. 18), filed on March 16, 2017. In this motion, Plaintiff requests attorney fees in the amount of $4,490.99 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 18. Plaintiff also requests that the fees, after any offset, be delivered to Plaintiff's attorney. Doc. 18.

Defendant filed a response (Doc. 19), indicating there is no objection to Plaintiff's requested attorney fees under the EAJA. Defendant also states that, "[i]n accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." Doc. 19.

## I. APPLICABLE LAW

The court may award fees and other expenses under the EAJA to the prevailing party in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. 2412(d)(1)(A). A position is "substantially justified" if it has a "reasonable

basis in law and fact," even if it was a losing position. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *see also Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003) (holding that the position taken must be "well founded in fact"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) (explaining the position must be "justified to a degree that could satisfy a reasonable person") (citation omitted). The Commissioner of the Social Security Administration (Commissioner) bears the burden of proving substantial justification. *Goad*, 398 F.3d at 1025. With regard to "special circumstances," few cases before the Eighth Circuit Court of Appeals have addressed when this exception applies. *See Koos v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (finding without elaboration no special circumstances, but noting that denial of fees to a party whose action brought about a change in position would be unjust); *Jackson v. Bowen*, 807 F.2d 127, 128 n.3 (8th Cir. 1986) (noting that this "exception helps to ensure that the [Commissioner] can advance in good faith novel but credible interpretations of law") (citation omitted).

In order to obtain an award for fees and expenses, the party must file an application no later than 30 days from when the judgment becomes final. 28 U.S.C. § 2412(d)(1)(B). The party must allege that the Commissioner's position was not substantially justified and specify the "amount sought, including an itemized statement . . . [of] the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. 2412(d)(1)(B). The court may award "reasonable attorney fees," which should not exceed $125 per hour unless the court finds that cost of living or a special factor justifies a higher rate. 28 U.S.C. 2412(d)(2)(A); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (granting a higher attorney fee rate based on unrebutted evidence of the Department of Labor's Consumer Price Index, as well as information about the attorney's experience and a recent award of EAJA fees at the requested rate).

Any fees awarded under the EAJA are payable directly to the party and not to the party's attorney. *Ratliff*, 560 U.S. at 593-94. Accordingly, if the party owes any "outstanding federal debts," the government is entitled to offset the fee award by the debt the party owes the government. *Id*. Courts have recognized that while the award is made to the party, payment of that award may be delivered to the party's attorney if consistent with the practices of the relevant agency and department. *See Eads v. Berryhill*, No. 16-CV-97-LRR, 2017 WL 1196444, at *2 (N.D. Iowa March 29, 2017); *Kunik v. Colvin*, No. C13-3025-LTS, 2014 WL 1883804, at *3 (N.D. Iowa May 12, 2014); *Kinseth v. Colvin*, No. C12-3033-MWB, 2013 WL 6410982, at *2 (N.D. Iowa Dec. 9, 2013).

## II. ANALYSIS

In this case, the court finds, and Defendant does not dispute, that Plaintiff has satisfied each of the conditions for an award of attorney fees. Plaintiff is the prevailing party in this Social Security appeal. Plaintiff timely filed an application for fees incurred in this action, which included an itemized statement of the time expended and computation rate. The court also finds that the information provided by Plaintiff (Doc. 18-1) justifies the increase in the hourly rate. The court further finds that Defendant has not shown substantial justification or special circumstances that support denying an award in this case. The attorney fees requested by Plaintiff are reasonable.

## III. CONCLUSION

**THEREFORE,** Plaintiff's Application (Doc. 18) is **granted**. Plaintiff is hereby awarded attorney fees in the amount of $4,490.99, subject to any applicable offset,[1] to be paid by the Social Security Administration. If consistent with the Commissioner's

---

[1] *See Ratliff*, 560 U.S. at 593.

and Department of Treasury's practices, the EAJA payment may be delivered to Plaintiff's attorney.

**IT IS SO ORDERED** this 20th day of April, 2017.

Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa